IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHEILA M. EYAJAN,<br>    Plaintiff | )<br>)<br>) |
| vs. | )    C.A.No. 1:22-cv-369<br>) |
| ASHTABULA COUNTY PUBLIC<br>DEFENDER, et al 1-100,<br>    Defendants. | )<br>)    District Judge Baxter<br>)<br>) |

## MEMORANDUM OPINION

### I. Plaintiff's Motion for Leave to Proceed in forma pauperis

Plaintiff has filed a motion seeking leave to proceed in forma pauperis [ECF No. 3] along with a proposed original complaint. Based on Plaintiff's averments in the motion, it appears that she is without sufficient funds to pay the filing and administrative fees associated with this case. Accordingly, Plaintiff's motion for leave to proceed in forma pauperis will be granted.

### II. Standard of Review

Because Plaintiff is seeking redress "from a governmental entity or officer or employee of a governmental entity," her pleadings are subject to the screening provisions in 28 U.S.C. § 1915A. In pertinent part, § 1915A provides that a court "shall . . . dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(2). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Banks v. County of Allegheny*, 568 F.Supp.2d 579, 587-89 (W.D. Pa. 2008).

1

### III. Discussion and Review of Plaintiff's Complaint

Plaintiff's legal claims arise out of an ongoing criminal matter in Ohio in which Plaintiff has been, and perhaps continues to be, represented by the Public Defender's office of Ashtabula County. Plaintiff vehemently disagrees with the legal representation she has received in that criminal case. As relief, Plaintiff seeks to have the Public Defender removed from her criminal case and a motion for competency determination withdrawn. She also seeks compensatory damages. ECF No. 1, page 11.

Plaintiff's complaint is deficient on several fronts. Although Plaintiff characterizes her legal claims as "defamation of character using both libel and slander," "breach of contract attorney client privilege," "ineffective assistance of counsel," and "bias and prejudice,[1]" her claims sound in civil rights under 28 U.S.C. § 1983.

To state such a claim, Plaintiff must allege: "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011) (internal citation omitted).

It is well recognized that an attorney acting on behalf of his client is not a state actor for the purposes of a § 1983 claim. *Polk County v. Dobson*, 454 U.S. 312, 325 (1981). *See also Nottingham v. Lycoming County Public Defender's*, 2022 WL 18636719, at * 7 (M.D. Pa. Oct. 11, 2022) ("A public defender's office is also not a state actor for purposes of § 1983.")

---

[1] The federal statute that Plaintiff cites for defamation is not relevant to this action as it involves the recognition of foreign defamation judgments. No cause of action lies in breach of contract of the attorney client privilege. Ineffective assistance of counsel is not actionable in a civil rights action but rather in a petition for writ of habeas corpus. Bias and prejudice are not recognized as a cause of action.

(cleaned up). Moreover, this Court lacks authority and jurisdiction over Plaintiff's request to have the public defender removed from her case and to have a court filing removed from the docket in that criminal matter. Such a matter is within the power and jurisdiction of the state court. Plaintiff has failed to state a claim upon which relief can be granted and this case will be dismissed.

Generally, if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103 (32d Cir. 2002). In the factual context of this matter, no curative amendment is possible. Even liberally construing her filing, Plaintiff cannot state a claim against this Defendant. Leave to amend will be denied.

An appropriate Order follows this Memorandum Opinion.